## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DAVID A. CAWTHON,  :
  :
            Plaintiff,  :  Civil Action No.  05-0567 (RMU)
  :
        v.  :  Document No.:   13
  :
U.S. DEPARTMENT OF JUSTICE, *et al.,*  :
  :
            Defendants.  :

## MEMORANDUM OPINION

### Granting in Part, Denying in Part, and Deferring Ruling in Part the Defendants' Motion for Summary Judgment

## I.   INTRODUCTION

In this *pro se* action, the plaintiff, a federal prisoner, challenges the Bureau of Prisons' ("BOP") response to his Freedom of Information Act ("FOIA") request for information regarding his health care providers.[1]  The defendant moves for summary judgment on the grounds that it has released all disclosable information.  Because the defendant properly invokes exemption 6, the court grants the defendant's motion for summary judgment as to those documents.  Because the defendant has provided no evidence or argument supporting its invocation of exemption 3, the court denies summary judgment as to those documents.  Finally, because the defendant has failed to justify its withholding of four documents in their entirety, the court defers ruling on the defendant's motion for summary judgment as to those documents and orders the defendant to produce them to the court for *in camera* review and to provide the court with a supplemental

---

[1]    The plaintiff names the Department of Justice and the Bureau of Prisons as defendants in this case.  FOIA authorizes lawsuits solely against federal agencies.  *See Sherwood Van Lines, Inc. v. U.S. Dep't of Navy*, 732 F. Supp. 240, 241 (D.D.C. 1990).  The court therefore substitutes the Department of Justice, of which BOP is a component, as the real party in interest and hereafter refers to the defendants in the singular.

memorandum, (*in camera* if necessary[2]), identifying the propriety and justification for the

complete withholding of these documents within 30 days of this opinion.

## I.   BACKGROUND

The plaintiff requested records concerning two BOP doctors, namely, records pertaining

to their credentials and privileges and those records pertaining to malpractice and disciplinary

matters.  The BOP informed the plaintiff on July 23, 2004 that it had located 19 responsive

records but was withholding them in their entirety under FOIA exemptions 6 and 7(C).  The BOP

neither confirmed nor denied the existence of records pertaining to malpractice and disciplinary

matters but informed the plaintiff that if such records did exist, they were protected from

disclosure under exemption 7(C).[3]  The plaintiff administratively appealed the decision.  On

January 18, 2005, in response to the plaintiff's administrative appeal, the Office of Information

and Privacy ("OIP"), released portions of 15 of the 19 responsive records.  It redacted the

doctors' "home addresses, telephone numbers, social security numbers, medical license numbers,

and reference information."  Def.'s Stmt. of Material Facts Not in Genuine Dispute ¶ 6.  The OIP

affirmed the BOP's withholding of four pages in their entirety and its *Glomar* response as to

---

[2]     If the defendant chooses to file its supplemental memorandum *in camera*, it must produce a separate memorandum to the defendant and the court explaining the need for its in camera production and summarizing its contents with as must detail as possible.

[3]     An agency's decision to neither confirm nor deny the existence of responsive records is commonly known as a *Glomar* response in reference to the subject of a FOIA request for records pertaining to a ship, the "Hughes Glomar Explorer."  *See Phillippi v. Central Intelligence Agency*, 546 F.2d 1009 (D.C. Cir. 1976).

"information maintained in the NPDB [National Practitioner Data Bank]." *Id.* ¶ 7.[4]

## II.   ANALYSIS

### A.   Legal Standard for Summary Judgment in a Freedom of Information Case

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995). In deciding whether there is a genuine issue of material fact, the court is to view the record in the light most favorable to the party opposing the motion, giving the non-movant the benefit of all favorable inferences that can reasonably be drawn from the record and the benefit of any doubt as to the existence of any genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157-59 (1970). To determine which facts are "material," a court must look to the substantive law on which each claim rests. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action. *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248.

FOIA affords the public access to virtually any federal government record that FOIA itself does not specifically exempt from disclosure. 5 U.S.C. § 552; *Vaughn v. Rosen*, 484 F.2d

---

[4]     The NPDB is "operated co-operatively among the U.S. Department of Health and Human Services" and other offices that are not parties to this case. Def.'s Mot., Att. 1, (Walasinski Decl.) ¶ 40. Only the BOP's records are at issue here. The court therefore assumes that the BOP is referring to records contained in its files that originated from the NPBD.

820, 823 (D.C. Cir. 1973).  FOIA confers jurisdiction on the federal district courts to order the

release of improperly withheld or redacted information.  5 U.S.C. § 552(a)(4)(B).  In a judicial

review of an agency's response to a FOIA request, the defendant agency has the burden of

justifying nondisclosure, and the court must ascertain whether the agency has sustained its

burden of demonstrating that the documents requested are exempt from disclosure under FOIA.

5 U.S.C. § 552(a)(4)(B); *Al-Fayed v. CIA*, 254 F.3d 300, 305 (D.C. Cir. 2001); *Summers v. Dep't

of Justice*, 140 F.3d 1077, 1080 (D.C. Cir. 1998).  An agency may meet this burden by providing

the requester with a *Vaughn* index, adequately describing each withheld document and

explaining the exemption's relevance.  *Summers*, 140 F.3d at 1080; *Vaughn*, 484 F.2d 820

(fashioning what is now commonly referred to as a "Vaughn index").

> The court may grant summary judgment to an agency on the basis of its affidavits if they:
>
> [(a)] describe the documents and the justifications for nondisclosure with reasonably specific detail, [(b)] demonstrate that the information withheld logically falls within the claimed exemption, and [(c)] are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.

*Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).  While an agency's affidavits

are presumed to be in good faith, a plaintiff can rebut this presumption with evidence of bad faith.

*SafeCard Servs., Inc. v. Sec. & Exch. Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (citing

*Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981)).  But such evidence

cannot be comprised of "purely speculative claims about the existence and discoverability of other

documents."  *Id.*

## B.   The Defendant's FOIA Response

In response to the plaintiff's request for documents under FOIA, the defendant redacted

information under FOIA exemptions 6, 7(C),  and 7(F).  Def.'s Mot., Walasinski Decl. ¶¶ 11-39 &

Attachment I.[5]

### 1.    Exemption 6

Exemption 6 of FOIA precludes from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).  "[S]imilar files" are broadly defined to include any "[g]overnment records on an individual which can be identified as applying to that individual."  *See U.S. Dep't. of State v. Wash. Post Co.*, 456 U.S. 595, 601-602 (1982).  To determine whether a disclosure would constitute a clearly unwarranted invasion of personal privacy, the court must weigh the privacy interests in nondisclosure against the public interests in disclosure.  *Nat'l Ass'n of Home Builders v. Norton*, 309 F.3d 26, 32 (D.C. Cir. 2002) (citing *Nat'l Ass'n of Retired Fed. Employees v. Horner*, 879 F.2d 873, 874 (D.C. Cir. 1989)).

Individuals have a privacy interest in personal information even if it is not of an embarrassing or intimate nature.  *See Wash. Post*, 456 U.S. at 600 (stating that "information such as place of birth, date of birth, date of marriage, employment history, and comparable data is not normally regarded as highly personal, and yet  . . .  such information  . . .  would be exempt from any disclosure that would constitute a clearly unwarranted invasion of personal privacy").  The quantum of the public's interest in disclosure depends on the degree to which disclosure would shed light on an agency's performance of its statutory duties and its compliance with the law.  *Reed v. NLRB*, 927 F.2d 1249, 1252 (D.C. Cir. 1991).  In assessing the public interest, the court

---

[5]    The defendant argues in its motion that records were properly redacted under exemption 3.  Def.'s Mot. at 18.  The defendant has provided no evidence (e.g. sworn testimony), to support this claim.  The court, therefore, defers ruling on the defendant's motion for summary judgment with respect to the defendant's withholding of records under exemption 3 pending further briefing from the defendant.

must examine "the nature of the requested document and its relationship to the basic purpose of [FOIA] to open agency action to the light of public scrutiny . . . [and official] information that sheds light on an agency's performance of its statutory duties" merits disclosure. *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 773 (1989) (citation omitted). The purposes of FOIA are "not fostered," however, "by disclosure of information about private citizens that is accumulated in various governmental files but that reveals little or nothing about an agency's own conduct." *Id.*

The privacy interest of civilian federal employees includes the right to control information related to themselves and to avoid disclosures that "could conceivably subject them to annoyance or harassment in either their official or private lives." *Lesar v. U.S. Dep't of Justice*, 636 F.2d 472, 487 (D.C. Cir. 1980); *see also Nix v. United States*, 572 F.2d 998, 1006 n. 8 (4th Cir. 1978) (noting that, to implicate a federal employee's privacy interest under FOIA, harassment does not have to rise to the level that life or physical safety is in danger).  The fact that federal employees have an identifiable privacy interest in avoiding disclosures of information that could lead to annoyance or harassment, however, does not authorize a "blanket exemption" for the names of all government employees in all records. *Baez v. U.S. Dep't of Justice*, 647 F.2d 1328, 1338 (D.C. Cir. 1980); *Lesar*, 636 F.2d at 487.  To justify its exemption 6 withholdings, the defendant must show that the threat to employees' privacy is real rather than speculative. *Dep't of Air Force v. Rose*, 425 U.S. 352, 380 n.19 (1976).

The plaintiff does not dispute the defendant's redaction of the doctors' personal information from the 15 released pages. *See* Pl's Opp. at 16.[6]  Because exemption 6 properly

---

[6]     The court refers to the page numbers appearing on the record (as opposed to the page numbers appearing on the document).

protects such information, the defendant is entitled to summary judgment on this claim.

The plaintiff disputes the defendant's redaction of the doctors' answers to questions pertaining to their malpractice and disciplinary history, s*ee id.*, Att. I, and its *Glomar* response with respect to the same type of information.  The information the plaintiff seeks presumably is maintained in BOP personnel files or similar files. *Id.*; Pl.'s Opp. at 8, 9.  The threshold requirement of exemption 6, therefore, is satisfied.  In order to compel disclosure, the plaintiff must demonstrate the existence of an overriding public interest by showing that "responsible officials acted negligently or otherwise improperly in the performance of their duties," *National Archives and Records Administration v. Favish*, 541 U.S. 157, 173 (2004), and that the information is necessary to "shed any light on the [unlawful] conduct of any Government agency or official." *United States Dep't of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 772-73 (1989).[7]  The plaintiff "must show that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake [and that] . . . the information is likely to advance that interest." *Favish*, 541 U.S. at 172.  In making such a showing, the plaintiff must assert "more than a bare suspicion" of official misconduct.  *Id.*, 541 U.S. at 174.  Rather, he "must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." *Id.*; *Quinon v. FBI*, 86 F.3d 1222, 1231 (D.C. Cir. 1996) (ruling that the requester must produce "compelling evidence that the agency denying the FOIA request is engaged in illegal activity and [must] show[] that the information sought is necessary in order to confirm or refute that evidence") (internal citations omitted).  If such evidence is produced, the court then must weigh the substantial privacy interests against the asserted public interests. *Favish*, 541 U.S. at 174.  Disclosure is required only if the

---

[7]     Although *Favish* concerned exemption 7(C), "[t]he same [balancing] standard" applies to exemption 6.  *Beck v. Dep't of Justice*, 997 F.2d 1489, 1491 (D.C. Cir. 1993).

court concludes that the public interests outweigh the private interests.

The plaintiff asserts that the public, particularly the BOP inmate population, "deserves to know the past history" of "the person in whom your life and health is [sic] placed and who may be making life and death decisions." Pl.'s Opp. at 12. He suggests, without any substantiation, that BOP hires incompetent doctors. *Id.* at 17-18 (citing newspaper reports on medical services provided by state prison systems and concluding that "[t]he information given here is representative of the entire correctional system, state and federal"). This is wholly insufficient to establish a public interest. Absent any evidence of agency impropriety, the balancing inquiry does not come "into play." *Favish*, 541 U.S. at 175. For this reason, the court rules that the defendant properly invoked exemption 6 with respect to the redacted information and its *Glomar* response. *See generally Beck v. Dep't of Justice*, 997 F.2d 1489 (D.C. Cir. 1993) (affirming *Glomar* response to request for employment records based on exemption (6)).

## 2. Exemption 7

Exemption 7 protects from disclosure "investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records" would cause one of six enumerated harms. 5 U.S.C. § 552(b)(7). Exemption 7 requires an agency to prove that the withheld records were compiled for law enforcement purposes "before . . . withhold[ing] requested documents on the basis of any of [this exemption's] subparts." *Pratt v. Webster*, 673 F.2d 408, 416 (D.C. Cir. 1982). The agency may satisfy its threshold burden by a declaration that "establish[es] a rational 'nexus between the investigation and one of the agency's law enforcement duties,' . . . and a connection between an 'individual or incident and a possible security risk or violation of federal law. . . .'" *Campbell v. Dep't of Justice*, 164 F.3d 20, 32 (D.C. Cir. 1998) (quoting *Pratt*, 673 F.2d at 419) (other internal citations omitted). "If the [agency's]

declaration[] 'fail[s] to supply facts' in sufficient detail to apply the *Pratt* rational nexus test, then a court may not grant summary judgment for the agency." *Id*. (quoting *Quinon v FBI*, 86 F.3d 1222, 1229 (D.C. Cir. 1996) (citation omitted)); *see also Jefferson v. Dep't of Justice, Office of Professional Responsibility*, 284 F.3d 172, 179 (D.C. Cir. 2002) (citation omitted) (the agency must "produce evidence whereby the district court would be in a position to make the required threshold evidentiary determination" under exemption 7(C)).

The defendant's declaration does not provide sufficient information about the filing systems containing the responsive records to satisfy the threshold law enforcement requirement. This is particularly so here because the records appear to come from personnel records. It appears, however, that the defendant asserted exemptions 7(C) and 7(F) in conjunction with exemption 6. The court's grant of summary judgment on exemption 6 withholdings, therefore, moots the plaintiff's exemption 7 claims. To the extent that defendant withheld information solely under exemption 7(C) (in conjunction with exemption 7(F)), summary judgment is still warranted because plaintiff has not shown "a public interest to be balanced against the two [doctors'] obvious interest in the continued confidentiality of their personnel records." *Beck*, 997 F.2d at 1492 (declining to address the government's lack of evidence on exemption 7(C)'s threshold requirement of law enforcement purpose where the requester had failed to demonstrate a public interest).

### 3. Segregability

When documents are withheld in their entirety, the court is required to consider whether nonexempt information could have been segregated from exempt information and released. *See Trans-Pacific Policing Agreement v. United States Customs Service*, 177 F.3d 1022, 1027 (D.C.

Cir. 1999). The defendant has not provided any evidence about the four pages it withheld in their entirety. The court therefore has no basis to determine the propriety of these withholdings. Accordingly, the court defers ruling on the defendant's motion for summary judgment with respect to the defendant's withholding of documents in their entirety and directs the defendant to provide the four documents to the court for *in camera* review along with a supplemental memorandum, *in camera*, identifying the propriety and justification for the complete withholding of these documents within 30 days of this opinion.

## IV.   CONCLUSION

For the foregoing reasons, the defendant's motion for summary judgment is granted in part and deferred in part. Summary judgment is entered on defendant's invocation of FOIA exemptions 6 and 7. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this 9th day of March 2006.

RICARDO M. URBINA
United States District Judge